#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### MACON DIVISION

| | | |
|---|---|---|
| **JEANETTE TOLBERT,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:13-cv-364 (CHW) |
| | : | |
| **CAROLYN W. COLVIN,** | : | Social Security Appeal |
| **Acting Commissioner of Social Security,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Jeanette Tolbert's application for benefits. The parties consented to have the United States Magistrate Judge conduct all proceedings in this case, and as a result, any appeal from this judgment may be taken directly to the Eleventh Circuit Court of Appeals in the same manner as an appeal from any other judgment of the United States District Court. In accordance with the analysis below, it is hereby **ORDERED** that the Commissioner's decision be **AFFIRMED**.

### BACKGROUND

Plaintiff applied for Title II benefits in June 2011, claiming to suffer from neck and back pain, scoliosis, right shoulder rotator cuff tendinitis, and carpal tunnel syndrome. Her applications were denied initially and on reconsideration, and on May 24, 2012, a hearing was held before a reviewing administrative law judge ("ALJ"). R. 1-50. At that hearing, Plaintiff claimed that she was disabled due to excessive pain from her neck and back. R. 27-28. Plaintiff also discussed her scoliosis and tendinitis at the hearing as well. R. 29. Plaintiff testified, however, that there has been no diagnosis of carpal tunnel, and that it can "improve itself, if left alone." R. 30. She relies mainly on homeopathic medicines for pain management, which she

stated is at an intermittent "8 out of 10." R. 31, 41. Plaintiff testified that she is only able to walk for half an hour, and that her feet swell when she walks too much. R. 41. Despite these alleged limitations, Plaintiff testified that she was able to clean the house, run errands, walk door-to-door ministering with her spiritual community, and take a cruise to destinations including Cozumel and the Grand Caymans. R. 37-40. Plaintiff did clarify, however, that during the cruise, she had to lie down and sleep one time during her cruise. R. 47.

In an opinion dated June 12, 2012, the reviewing ALJ found that Plaintiff was not "disabled" because she did not have an impairment or combination of impairments that met one of the listed impairments in the Social Security Regulations. Plaintiff sought review of the ALJ's unfavorable decision before the Appeals Council, but on July 29, 2013, the Appeals Council denied review. Plaintiff now seeks review before this Court arguing that the AJL failed to properly consider the opinions of Plaintiff's treating physicians. Because the record does not support this argument, the Commissioner's decision must be affirmed.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

**EVALUATION OF DISAIBLITY**

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

**DISABILITY EVALUATION IN THIS CASE**

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 4, 2009, her alleged onset date. R. 13. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "thoracic scoliosis, obesity, and right shoulder strain/supraspinatus." R. 13. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically

equaling the severity of one of the listed impairments. R. 14. Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> light work as defined in 20 CFR 404.1567(b) except being unable to lift more than 20 pounds occasionally and 10 pounds frequently, needing a sit/stand option at will to relieve pain/discomfort, occasionally being able to climb ramps/stairs, balance, stoop, and kneel, occasional use of right upper extremity for overhead reaching, and avoiding concentrated exposure to unprotected heights.

R. 14

At step four, the ALJ found that Plaintiff could perform her past relevant work as a senior processing clerk. R. 17. As a result of this step-four finding, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff's only argument for remand is that the "Commissioner failed to properly consider the opinions of Plaintiff's treating physicians." Doc. 9, p. 1. Specifically, Plaintiff contends that

> The hearing decision mentions portions of the opinions from Dr. Chodoroff and Dr. Wright and gives many facts from the record, but is silent as to exactly what the ALJ thought of the doctors' opinions. The ALJ did not say what evidence was inconsistent with or what other evidence he gave more weight to than the opinions of Dr. Chodoroff and Dr. Wright. In doing so he failed to give an adequate reason for rejecting those opinions and failed to comply with the rules and regulations governing these opinions.

Doc. 9, p. 10.

The Plaintiff failed to cite to specific instances in the record where the ALJ's determination is not supported by the record. Nor does she point to any reason why an alleged failure by the ALJ would change Plaintiff's disability determination. However, since these arguments are not raised in Plaintiff's brief, they will not be addressed in this order.

4

"It is well-established that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citations and internal quotations omitted). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. See, e.g., 20 C.F.R. § 404.1546(c).

After a review of the record, the Court finds the Plaintiff's assertions unsupported. The record confirms that the ALJ's opinion appropriately considered Plaintiff's treating sources, Dr. Wright and Dr. Chodoroff. The ALJ evaluates both opinions comprehensively, beginning with Dr. Wright's treatment on April 13, 2012. Dr. Wright, a chiropractor, opined that "the claimant was unable to sit/stand/walk for about 2 hours in an 8 hour work day and that the claimant would be absent for about 4 days per month." R. 15, 327-32. It is evident that the ALJ took this diagnosis into consideration when he found that Plaintiff can do light work with limitations. R. 14. The RFC limitations specifically limit the claimant to jobs where a "sit/stand option" is available, and limit the use of her right upper extremity for overhead reaching to occasional use. R. 14. Even so, Dr. Wright's findings are not entitled to substantial weight as a matter of law. Dr. Wright is not considered an "acceptable source" and, thus, his opinion cannot establish the existence of an impairment. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a) (excluding chiropractors from the list of "acceptable medical sources" whose opinions may be considered in determining the existence of an impairment).

Despite the fact that Dr. Wright's opinion is not entitled to substantial weight, the ALJ compared the diagnosis from Dr. Wright with the observations of Dr. Chodoroff, who wrote that "the claimant could only sit for 3 hours and stand/walk less than 2 hours in an 8 hour work day." R. 15, 338-43. However, Dr. Chodoroff also stated that Plaintiff:

> has completed physical therapy and that this has "helped a bit with her right shoulder" (Exhibit 8F). The doctor stated that during her physical examination the claimant again was comfortable and that he was "able to bring her through full range on right."
>
> R. 16.

Other substantial evidence supports the ALJ's decision. Dr. Chodoroff completed several "Current Abilities" forms that stated Plaintiff was unable to work, though Dr. Chodoroff indicated these statements were based on Plaintiff's subjective reports of pain and did not reflect permanent restrictions on her ability to work R. 195, 202-03, 206, 215, 217. Plaintiff's subjective reports of pain were not found credible by the ALJ because those reports were contradicted by the longitudinal record and Plaintiff's own statements at her hearing, where she, notably, testified she went on a cruise to Cozumel and the Grand Caymans, only takes vitamins for medication, and walks door-to-door to minister to the community. R. 30-34. It also appears that the ALJ took Dr. Chodoroff's medical diagnosis into consideration when he found that Plaintiff can do light work with limitations. R. 14. The limitations specifically limit the claimant to jobs where a "sit/stand option" is available, and limit the use of her right upper extremity for overhead reaching to occasional use—even when Dr. Chodoroff stated she had "full range on the right" of her upper extremity. R. 14, 346, 349.

The ALJ continued his analysis of the opinions for the next two pages. R. 15-16. This analysis noted various inconsistencies between the physician's opinions and their own records. For example, the ALJ stated that "Dr. Chodoroff's physical examination did show that the claimant has marked thoracolumbar scoliosis and right upper trapezius and cervical paraspinal

6

muscles being very tight to palpation. Yet the range of motion of the claimant's shoulder motion was full and only painful at the ends of the range of motion." R. 15, 296. Although the ALJ did not specifically discuss the weight given to either doctor, the ALJ may implicitly make a determination. *See Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (recognizing that the ALJ may make an implied finding that a claimant did not meet a listed impairment). Further, the ALJ does not specifically have to state the weight given to a treating physician, implicitly giving weight is sufficient to survive review. *See Henry v. Barnhart*, 156 F. App'x 171, 174 (11th Cir. 2005). In this case it is clear from the ALJ's opinion that he considered all the medical evidence in determining that Plaintiff is not disabled.

Although the ALJ noted some inconsistences in Dr. Chodoroff's records, he only "discounts" (Doc. 9, p. 9) Dr. Chodoroff's findings with respect to the opinion that "the claimant was unlikely to return to gainful employment because of her spinal deformities and evidence of right supraspinatus irritability." R. 15. It is well settled that the application of vocational factors "are not medical opinions, ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. See, e.g., 20 C.F.R. § 404.1546(c).

## **CONCLUSION**

After a careful review of the record, it is hereby **ORDERED** that this case be **AFFIRMED**.

**SO ORDERED**, this 11th day of March, 2015.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge
